## TILDEN et al. v. BARBER et al.

### (District Court, D. New Jersey. November 5, 1915.)

COURTS ⊚—347—PLEADING—MOTION TO DISMISS.

Under new equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) a bill cannot be dismissed on motion, without answer, unless for "misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity," appearing on the face of the bill.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. ⊚—347.]

In Equity. Suit by William A. Tilden and others, receivers, against Ohio C. Barber and others. On motion to dismiss amended bill. Denied.

Hartshorne, Insley & Leake, of Jersey City, N. J., for complainants. Collins & Corbin, of Jersey City, N. J., for defendants.

RELLSTAB, District Judge. The only undisposed-of ground underlying the motion to dismiss is based upon the supplement to the New Jersey Corporation Act, approved April 8, 1903 (P. L. N. J. 1903, p. 362), repealed in 1907 (P. L. N. J. p. 631), which act is as follows:

"A supplement to an act entitled 'An act concerning corporations' (Revision of 1896), approved April twenty-first, one thousand eight hundred and ninety-six.

"Be it enacted by the Senate and General Assembly of the state of New Jersey:

"1. Any director, officer, promoter or other agent of any corporation organized or existing under the laws of this state who shall have heretofore made or received, or who shall hereafter make or receive, while acting in such capacity, any bonus, profit or reward of any kind whatsoever out or on account of any transaction for or with such corporation, without disclosure of the fact of such bonus, profit or reward to the corporation and without obtaining its approval thereof, shall be liable to such corporation for the amount or value of such bonus, profit or reward for and during the period of four years from and after the making or receipt of the same and not afterwards; and an action shall lie on behalf of such corporation, either at law or in equity, to recover such bonus, profit or reward, or the value thereof, or for an account with respect thereto, at any time before the expiration of said period of four years, but not afterwards.

"2. This act shall take effect immediately, but shall not affect any action or proceeding pending in any court at the time it takes effect, or any right of any corporation, or of any stockholder, against any such director, officer, promoter, or other agent, under existing law, provided action thereon be commenced within six months after this act takes effect.

"Approved April 8, 1903."

Whether a defense founded upon this act may be presented on motion, without answer, depends upon the construction to be given to equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), which reads as follows:

"Demurrers and pleas are abolished. Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or

in the answer; and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court. Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the court. If the defendant move to dismiss the bill or any part thereof, the motion may be set down for hearing by either party upon five days' notice, and, if it be denied, answer shall be filed within five days thereafter or a decree pro confesso entered."

It is to be noted that, while this rule requires that "every defense heretofore presentable by plea in bar or abatement shall be made by answer," it is not every defense in point of law arising upon the face of the bill that heretofore was available on demurrer that can be disposed of on motion without answer. The proposed defense could have been pleaded in bar of the complainant's action and disposed of in advance of the principal case, at the discretion of the court. It cannot, however, be disposed of on motion, without answer, because it does not involve misjoinder or nonjoinder, and is not based on an "insufficiency of fact to constitute a valid cause of action in equity"—the only grounds upon which a bill of complaint may be dismissed without answer. The bill alleges every fact necessary "to constitute a valid cause of action in equity," as well as the reasons for the lapse of time in bringing suit. In such a situation, a statute (no longer existing) which, while in force, did not impair the cause of action to which it related, but only limited the time within which an action to enforce it could be brought, should be pleaded, with pertinent statements of fact making it applicable to the case made out by the bill.

The motion to dismiss is denied.